STONEBRIDGE v. PERKINS et al.

(Superior Court of New York City, General Term. January 3, 1893.)

1. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—PRIOR EXECUTION SALE.
     An execution sale of personal property, purporting to convey only the right, title, and interest remaining in the judgment debtor after its transfer to defendants, does not bar a subsequent action by the receiver of the judgment debtor to set aside the transfer as in fraud of his creditors, since the purchaser at the execution sale did not take in hostility to such transfer, but in subordination to it, and hence did not acquire the absolute title to the property.

2. SAME—VALIDITY OF EXECUTION SALE.
     No valid, absolute sale under execution can be made where the property is not levied on, and is not present at the sale, and within view of the purchasers, as required by Code Civil Proc. § 1428; and hence such a sale is no bar to a subsequent action by a receiver of the judgment debtor to set aside a prior transfer of the property, as in fraud of his creditors.

Appeal from special term.

Action by George H. Stonebridge, Jr., receiver of the New York Book Company, against George F. Perkins and others, to set aside a transfer

of personal property made by the book company to defendants, as in fraud of the company's creditors. From an interlocutory judgment setting aside the conveyance and ordering an accounting, defendants appeal. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

H. & S. Straley, for appellants.

C. D. Ridgeway, for respondent.

FREEDMAN, J. The only error assigned upon this appeal is that the learned judge below refused to hold that the sheriff's sale of September 14, 1888, constitutes a bar to this action. The action was commenced September 15, 1888, by the plaintiff, as the permanent receiver appointed by the judgment of this court in an action brought for the sequestration of the property of the New York Book Company, to set aside a transfer of personal property made June 1, 1888, by that corporation to Perkins, Goodwin & Co., for an antecedent indebtedness, and in contemplation of the insolvency of the said corporation. At the trial the evidence clearly established, and it is now conceded, that such transfer was void, under the statutes of this state. The sheriff's sale, upon which the defendants rely, took place September 14, 1888, under an execution issued upon a judgment against the corporation in favor of William A. Baeder and Howard R. Kern. Inasmuch as the transfer to Perkins, Goodwin & Co. was void, if the sheriff had levied upon the identical property, and sold the same in hostility to said transfer, the purchaser at the sale, under the ordinary rules of law applicable to execution sales of property fraudulently conveyed, might well have become vested with the whole title to the property; and such a result might well have followed, whether, in such a case, the sheriff, in form, sold the property itself, or the right, title, and interest of the corporation in the property. The burden of proof rested upon the defendants, and they were bound to establish, by competent evidence, such a levy and sale, as matter of fact. But the evidence which they did furnish did not warrant such a finding. In point of fact, the sheriff did not purport to act in hostility to the transfer to Perkins, Goodwin & Co., but only purported to sell whatever remaining right, title, and interest the New York Book Company had on and after August 2, 1888. Moreover, no levy was made, and the property was not present at the sale, and within the view of the purchasers. No valid, absolute sale of the property itself could be made, under these circumstances. Code Civil Proc. § 1428; Roth v. Wells, 29 N. Y. 471; Hathaway v. Howell, 54 N. Y. 97. The defendants, therefore, had no right to a finding contrary to the real facts; and the concession made by the plaintiff that the sheriff put up for sale, and purported to sell, all the right, title, and interest of the New York Book Company, which it had on and after August 2, 1888, in and to the said property, is of no help to the defendants. For the reasons stated, the learned trial judge properly refused to find an absolute sale of the property itself, and properly refused to hold that the sale, as had, constitutes a bar to the present action.

The judgment should be affirmed, with costs.